CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
April 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **VIRGINIA TRAMSFORMER CORP.** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24-cv-00700 |
| ) | |
| v. ) | Hon. Robert S. Ballou |
| ) | United States District Judge |
| **NFE FLNG 2 LLC.** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This case is currently before me on the motion for default judgment filed by Plaintiff Virginia Transformer Corp. For the reasons discussed below, the motion is **GRANTED**.

### I.   Background

On October 11, 2024, Virginia Transformer commenced this diversity action against NFE FLNG 2 LLC alleging breach of contract for failure to pay for specially manufactured transformers and related equipment under a purchase order.[1] Dkt. 1 at ¶ 17. Because "[a] federal court sitting in diversity is required to apply the substantive law of the forum state . . . ," I apply Virginia law to these claims. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013) (internal citations omitted). Virginia law also governs whether Virginia Transformer has a right to recover any attorneys' fees, and the reasonableness of the fees claimed. *See Ranger Const. Co. v. Prince William County School Board,* 605 F.2d 1298, 1301 (4th Cir. 1979).

---

[1] Virginia Transformer seeks more than $75,000 in damages, exclusive of interest and costs, caused by NFE's breach of contract. Dkt. 1 ¶ 5. Virginia Transformer has its main place of business, and is organized, in Virginia. *Id.* ¶ 4. In the Complaint, Virginia Transformer alleges that NFE has its main place of business in Louisiana and is organized in Delaware. *Id*. But in its Motion for Default Judgement, it alleges that NFE's principal office is in New York. Dkt. 12 at ¶ 1. Despite this discrepancy and accepting the well-pleaded allegations in the Complaint as true, I find that the parties are diverse, and this Court has jurisdiction. 28 U.S.C. § 1332.

NFE was served with process in November of 2024, and failed to answer or otherwise defend the action within the period permitted by the Federal Rules of Civil Procedure. On November 27, 2024, the Clerk entered default against NFE pursuant to Federal Rule of Civil Procedure 55(a). Virginia Transformer now seeks default judgment under Rule 55(b)(2). No party having requested oral argument, and finding oral argument will not aid in my decision, this motion is ripe for adjudication.

## II.     Standard of Review

Virginia Transformer moves for default judgment against NFE under Federal Rule of Civil Procedure 55(b)(2), seeking damages for breach of contract. Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." Fed. R. Civ. P. 55(b)(1). In contrast, where a claim is not for a certain sum, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

A moving party is not entitled to default judgment as a matter of right, instead, "[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered." *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (internal citation omitted). Though "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" he does not admit conclusions of law. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 8(b)(6). Thus, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 187 F.3d 628,

1999 WL 598860, at *1 (4th Cir. 1999) (unpublished table opinion) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

### III.    Analysis

A.  <u>Liability</u>

Virginia Transformer seeks default judgment for breach of the Purchase Order arising from NFE's failure to pay for certain equipment that Virginia Transformer manufactured and sold to it. In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Ramos v. Wells Fargo Bank, NA*, 289 Va. 321, 323 (2015) (internal citations omitted).

Virginia Transformer's Complaint, Motion for Default Judgment, Submission of Supplemental Information, and attached exhibits, show that NFE, through its agent, Fluor Enterprises, Inc., entered a purchase order with Virginia Transformer for specially manufactured neutral grounding resistors and power transformers (N2FE-6-0002/N2FE-1-00049) on July 8, 2022. Dkt. 14-2 at 1, 3, 31-33. The total purchase price for this equipment was $3,433,167.00.[2] *Id*.

The Purchase Order's terms of payment state Fluor would pay Virginia Transformer "only upon receipt of payment from [NFE]" and that Fluor lacked any "obligation, legal, equitable, or otherwise, to pay [Virginia Transformer] unless and until [Fluor] is paid for Work of [Virginia Transformer] by [NFE]." *Id.* § 5.2. Further, the Purchase Order provided "[p]ayment be

---

[2] In the Complaint and Motion for Default, Virginia Transformer seeks the principal amount of $3,679,435.00, however, in its submission of supplementary materials, Virginia Transformer's Chief Financial Officer identified an error in the company's billing and certified that the true principal amount owed was $3,433,167.00. Dkt. 14 ¶ 18; 14-1 ¶ 10.

3

made 100% Net 45 Days from receipt of a correctly rendered invoice following satisfactory completion of payment milestones, final deliver[y] in accordance with the agreed delivery terms . . ., and final receipt of . . . [other] documentation specified in this Purchase Order." *Id.* § 6.1. The enumerated milestone payments were 25% upon drawing submission, net 45 days; 25% upon drawing approvals, net 45 days; 45% upon completion of testing and ready for shipment, net 45 days; and 5% upon submission of final documentation, net 45 days. *Id.*

NFE breached the Purchase Order by failing to pay outstanding balances owed to Virginia Transformer. Dkt. 1 ¶¶ 14-15. Further, Fluor "informed [Virginia Transformer] that NFE has not provided the funds to Fluor as its agent to pay over to [Virginia Transformer] the balances owing by NFE to [Virginia Transformer] for the purchase price." *Id.* at ¶ 14. Virginia Transformer states it satisfied the Purchase Order's conditions, "and NFE has provided no legitimate basis for not paying the outstanding balances, even after being provided a written demand by [Virginia Transformer] for the past due balances to avoid collection action." *Id.* at ¶ 15; Dkt. 14-5.

B. Remedies

Having established liability, the Court determines the relief to which Virginia Transformer is entitled. Virginia Transformer seeks to recover: (1) all past due payments, in the principal amount of $3,433,167.00, pre-judgment interest of 6% on the principal amounts of each invoice from the date of each invoice, and post-judgment interest; and (2) attorneys' fees and litigation costs. Dkts. 1 at 3-4; 14 at 5.

To support its damages claim, Virginia Transformer submitted sworn declarations from Steve Nelson, Chief Financial Officer of Virginia Transformer, along with documentation of the Purchase Order, Bills of Lading, and invoices. Dkts. 12-1; 14-1; 14-2; 14-3; 14-4; 14-5. Virginia

Transformer sent NFE invoices on December 12, 2022 for $743,510.25, on January 10, 2023 for $743.510.25, on March 7, 2023 for $1,797,444.45, on April 2, 2023 for $123,857.05, and on April 27, 2023 for $24,845.00, totaling $3,433,167.00 in payments due. Dkt. 14-4 at 1. Nelson ratified the accuracy of the invoices and confirmed that Virginia transformer achieved all the requisite milestones for payment under the Purchase Order's terms of payment provision.[3] Virginia Transformer sufficiently pled facts to establish NFE's liability for breach of contract, justifying an award of damages in the principal amount of $3,433,167.00.

Virginia Transformer also seeks prejudgment interest. District courts have discretion to award prejudgment interest. *See L&W Supply Corp. v. Driven Constr., Inc.*, No. 2:22-CV-437, 2023 WL 2916563, at *5 (E.D. Va. Apr. 12, 2023). They must weigh the equities to decide if such an award is appropriate. *Id.* Virginia Transformer has been deprived of the funds NFE owes it for over a year, warranting an award of prejudgment interest. Because the Purchase Order does not specify an interest rate, Virginia law sets it at 6% annually. *See* Va. Code § 6.2-302(B); *see also Morris L. Off., P.C. v. Tatum*, 388 F. Supp. 2d 689, 694 (W.D. Va. 2005) (applying forum state interest rates in diversity cases).

---

[3] Nelson also notes that the principal amount owed includes the price of one unit (Number WN301A) that was delivered to NFE but was returned for repair due to being damaged in transit. The unit it currently being held by Virginia Transformer pending payment and Nelson stated it would be shipped as soon as NFE paid the balances due. Dkt. 14-1 at ¶ 7. The Purchase Order provides that final delivery of the equipment is a necessary condition for payment and that Virginia Transformer was responsible for arranging the transportation and shipment of the equipment sold. Dkt 14.1 §§ 6.1, 13. Nelson states that price of this unit is properly included in the balances due since it is a specially manufactured transformer that cannot be resold to a third-party. He further avers that, upon payment, Virginia Transformer would timely provide the unit in question. "[T]he Court 'has considerable latitude in determining the *amount* of damages.'" *Fin. Pac. Leasing, Inc. v. Blackwater Transp., Inc.*, No. 2:14CV134, 2015 WL 403993, at *2 (E.D. Va. Jan. 28, 2015) (quoting *Jones v. Winnepesaukee Realty,* 990 F.2d 1, 4 (1st Cir.1993)). I thus find it proper to include the cost of this unit in the principal amount of damages owed under the Purchase Order.

Courts have discretion to determine when pre-judgment interest begins to accrue. *See Norfolk S. Ry. Co. v. Moran Towing Corp.*, 718 F. Supp. 2d 658, 663 (E.D. Va. 2010). Virginia Transformer argues that interest should accrue from the invoice dates rather than the payment due dates. Dkt. 14 at 5. However, under Virginia law, "[t]he award of prejudgment interest is to compensate [a plaintiff] for the loss sustained by not receiving the amount to which he was entitled *at the time he was entitled to receive it . . . ." Marks v. Sanzo*, 231 Va. 350, 356 (Va. 1986) (internal citation omitted) (emphasis added). Indeed, courts typically award prejudgment interest from the date of the loss. *World Fuel Services Trading, DMCC v. M/V HEBEI SHIJIAZHUANG*, 12 F. Supp. 3d 810, 813 (E.D. Va. 2014). Accordingly, a 6% prejudgment interest rate will apply from the payment due dates – 45 days from the invoice dates.

Virginia Transformer is also entitled to post-judgment interest. Post-judgment interest is mandatory per 28 U.S.C. § 1961(a), which provides: "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

Finally, Virginia Transformer seeks attorneys' fees and litigation costs. Dkt. 1 at 3-4. Virginia law follows the "American Rule" which bars recovery of attorneys' fees absent a specific contractual or statutory provision. *See S. Coal Sales Corp. v. Xcoal Energy & Res., No*. 7:12-CV-00265-JCT, 2012 WL 5336169, at *5 (W.D. Va. Oct. 26, 2012) (internal quotations and citation omitted). Virginia Transformer points to no such contractual or statutory provision, and therefore attorneys' fees and costs are not warranted in this case.

## V.    Conclusion

For the reasons stated, I **GRANT** Virginia Transformer's Motion for Default Judgment. The Court will enter judgment in favor of Virginia Transformer and against NFE consisting of money damages in the amount of $3,433,167.00; pre-judgement interest at a 6% rate, to be

applied from the date that each payment was due under the terms of the Purchase Agreement; and post-judgement interest.

Entered: April 8, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

7